# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# ASHEVILLE DIVISION
# 1:16cv328

| | |
|---|---|
| LISA HANSON, Individually and as Executrix of the Estate of Delmont D. Hanson, TONY HANSON, )))))) | |
| Plaintiffs, ) | ORDER |
| ) | |
| v. ) | |
| ) | |
| 3M COMPANY, et al., ) | |
| ) | |
| Defendants. ) | |

Pending before the Court is the Motion to Amend [# 39]. Previously, the Court directed Plaintiffs to either respond to the Motions to Dismiss [# 6 & # 33] or indicate that they do not oppose the motions. (Order, Nov. 30, 2016, ECF No. 38.) Plaintiffs responded to the Court's Order by seeking leave to amend the Complaint to remove certain claims and make other amendments. None of the Defendants opposed allowing Plaintiffs leave to amend. Upon a review of the record and the relevant legal authority, the Court **GRANTS** the motion [# 39].

The Federal Rules of Civil Procedure provide that a party may amend its pleading once as a matter of course within twenty-one days of service or twenty-one days after the service of a Rule 12(b) motion if the pleading is one that

requires a response.  Fed. R. Civ. P. 15(a)(1).  After the expiration of the time periods specified in Rule 15(a)(1), however, a party may amend its pleading "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  Rule 15(a)(2) further provides that leave to amend shall be freely given "when justice so requires."  Id.  The United States Court of Appeals for the Fourth Circuit has recognized three situations where a district court may deny leave to amend: (1) where allowing the amendment would prejudice the opposing party; (2) the moving party acted in bad faith; or (3) where the amendment would be futile.  Equal Rights Ctr. v. Niles Bolton Assocs., 602 F.3d 597, 603 (4th Cir. 2010).  An amendment is futile where the proposed amendment fails to conform to the requirements of the Federal Rules of Civil Procedure.  Katyle v. Penn Nat'l Gaming, Inc., 637 F.3d 462, 471 (4th Cir. 2011); U.S. ex rel. Wilson v. Kellogg Brown & Root, Inc., 525 F.3d 370, 376 (4th Cir. 2008).  "Delay alone, however, is an insufficient reason to deny the plaintiff's motion to amend."  Laber v. Harvey, 438 F.3d 404, 427 (4th Cir. 2006).  Ultimately, the decision whether or not to grant a party leave to amend is up to the discretion of the Court.  See New Beckley Min. Corp. v. Int'l Union, United Mine Workers of Am., 18 F.3d 1161, 1164 (4th Cir. 1994).

Allowing Plaintiffs leave to amend is appropriate under Rule 15 and the

relevant case law. The proposed amendment would not prejudice the opposing parties, Plaintiffs are not acting in bad faith, and the amendments are not futile. Accordingly, the Court **GRANTS** the motion [# 39]. Plaintiffs shall have ten (10) days from the entry of this Order to file their Amended Complaint. Because the filing of an amended pleading supersedes the original pleading and renders it void of any legal function in the case, <u>Young v. City of Mount Ranier</u>, 238 F.3d 567, 572 (4th Cir. 2001), the Court **DIRECTS** the Clerk to **DENY as moot** the pending Motions to Dismiss [# 6, # 33, & # 50] upon the filing of the Amended Complaint.

Signed: January 12, 2017

Dennis L. Howell
United States Magistrate Judge