IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:16cv328

| | |
|---|---|
| **LISA HANSON, Individually and as Executrix of the Estate of Delmont D. Hanson, TONY HANSON,** ) ) ) ) ) | |
| **Plaintiffs,** ) ) | **MEMORANDUM AND RECOMMENDATION** |
| v. ) ) | |
| **3M COMPANY, et al.,** ) ) | |
| **Defendants.** ) ) | |

Pending before the Court is the Motion to Dismiss [# 65]. Plaintiff brought this action against Defendant Mannington Mills, Inc. ("Defendant" or "Mannington Mills") and numerous other defendants asserting claims for negligence, breach of implied warranty, gross negligence, and failure to warn. All of the claims stem from the decedent's alleged exposure to asbestos containing products. Defendant moves to dismiss the claims asserted against it in the Amended Complaint. The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 65].

**I.     Background**

Plaintiff is a citizen of North Carolina and the Executrix of the Estate of Delmont Hanson. (Pl.'s Am. Compl. ¶ 3, ECF No. 57.) The decedent was

1

diagnosed with mesothelioma on July 1, 2015, and died shortly thereafter on October 18, 2015. (Id. ¶¶ 2, 4.) Plaintiff then brought this action against a number of defendants, including Mannington Mills.

Plaintiff contends that the decedent contracted mesothelioma as a result of breathing asbestos dust. (Id. ¶ 4.) Specifically, the Amended Complaint alleges that: "Mr. Hanson worked as a Machinist Mate in the United States Navy, and later as a flooring installer, where he was exposed to asbestos dust and fibers beginning in approximately 1943." (Id.) The decedent worked "as a flooring installer at various residential and commercial sites in the states of North Carolina and Michigan." (Id. ¶ 6.)

> Plaintiff contends that Defendants are liable in this action because:
>
> Each Defendant corporation does or has in the past mined, manufactured, processed, imported, converted, compounded, supplied, installed, replaced, repaired, used and/or retailed substantial amounts of asbestos and/or asbestos-containing products, materials, or equipment, which are or in the past were sold, distributed, and used in North Carolina. Mr. Hanson was exposed to various asbestos-containing products while working as described hereinabove.

(Id. ¶ 8.) The decedent was exposed to Defendant's asbestos-containing products during the course of his employment, including in North Carolina and his exposure caused him to develop mesothelioma. (Id. ¶¶ 17-18.)

Defendant moves to dismiss the claims asserted against it in the Amended Complaint pursuant to Rule 12(b)(6). The District Court referred the motion to

2

this Court. Accordingly, the Motion to Dismiss is now properly before this Court for a Memorandum and Recommendation to the District Court.

## II. Legal Standard

The central issue for resolving a Rule 12(b)(6) motion is whether the claims state a plausible claim for relief. See Francis v. Giacomelli, 588 F.3d 186, 189 (4th Cir. 2009). In considering Defendants' motion, the Court accepts the allegations in the Amended Complaint as true and construes them in the light most favorable to Plaintiff. Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 253 (4th Cir. 2009); Giacomelli, 588 F.3d at 190-92. Although the Court accepts well-pled facts as true, it is not required to accept "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement . . . ." Consumeraffairs.com, 591 F.3d at 255; see also Giacomelli, 588 F.3d at 189.

The claims need not contain "detailed factual allegations," but must contain sufficient factual allegations to suggest the required elements of a cause of action. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S. Ct. 1955, 1964-65 (2007); see also Consumeraffairs.com, 591 F.3d at 256. "[A] formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555, 127 S. Ct. at 1965. Nor will mere labels and legal conclusions suffice. Id. Rule 8 of the Federal Rules of Civil Procedure "demands more than an unadorned, the defendant-unlawfully-harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662,

678, 129 S. Ct. 1937, 1949 (2009).

The Amended Complaint is required to contain "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; see also Consumeraffairs.com, 591 F.3d at 255. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949; see also Consumeraffairs.com, 591 F.3d at 255. The mere possibility that a defendant acted unlawfully is not sufficient for a claim to survive a motion to dismiss. Consumeraffairs.com, 591 F.3d at 256; Giacomelli, 588 F.3d at 193. Ultimately, the well-pled factual allegations must move a plaintiff's claim from possible to plausible. Twombly, 550 U.S. at 570, 127 S. Ct. at 1974; Consumeraffairs.com, 591 F.3d at 256.

**III. Analysis**

Upon a review of the factual allegations contained in the Amended Complaint, the Court finds that the allegations fail to set forth a plausible claim against Defendant. After setting aside the numerous legal conclusions alleged in the Amended Complaint, the remaining factual allegations consist of the following: (1) the decedent worked as a machinist in the navy and as a flooring installer from 1943 to some unspecified date; (2) decedent worked as a flooring installer in North Carolina and Michigan sometime between 1943 and 2015; (3) decedent was

exposed to unspecified asbestos containing products at some point between 1943 and 2015. The Amended Complaint, however, is devoid of any allegations as to what sort of asbestos containing products the decedent was exposed to during the time period beginning in 1943, how the Plaintiff was exposed to asbestos dust during this lengthy time period, or any allegations as to who employed the decedent over what time period or where he worked. The Amended Complaint only alleges that he was in the navy for an unspecified time and that at some point between 1943 and 2015 he worked as a flooring installer somewhere in either North Carolina or Michigan. Such allegations fail to set forth a claim against Defendant. A plaintiff must allege more than the general defendant caused me harm allegations contained in the Amended Complaint to state a claim. Iqbal, 556 U.S. at 678, 129 S. Ct. at 1949.

Courts in other jurisdictions have dismissed claims under Rule 12 where the plaintiff alleged even more factual allegations than what Plaintiff alleged in the Amended Complaint. See Aguirre v. Amchem Prods. Inc., No. CV 11-01907-PHX-FJM, 2012 WL 760627, at *1-2 (D. Ariz. Mar. 7, 2012) ("Without any facts suggesting a temporal or geographic link between the asbestos products that Griego was exposed to and the asbestos products manufactured and sold by defendants, we cannot draw a reasonable inference that defendants – as distinguished from any other asbestos manufactures- are liable for Griego's

death."); Bulanda v. A.W. Chesterton Co., No. 11 C 1682, 2011 WL 2214010, at *2 (N.D. Ill. Jun. 7, 2011) (holding that the complaint failed to state a claim because it contained no factual allegations identifying the offending product manufactured, sold, or distributed by the defendant); see also Baldonado v. Avrinmeritor, Inc., Civil Action No. 13-833-SLR-CJB, 2014 WL 2116112 (D. Del. 2014). Here, the Amended Complaint fails to even take the initial step of alleging what general asbestos containing product Plaintiff contends the decedent was exposed to during the relevant time period.

In recommending dismissal of the claims against Defendant, the Court need not even go as far as the Courts in Aquirre and Bulanda because the Amended Complaint is devoid of even the most basic factual allegations that Courts have found sufficient to state a claim in asbestos cases. For example, in Miller v. 3M Co., No. 5:12-CV-00620-BR, 2013 WL 1338694 (E.D.N.C. Apr. 1, 2013), the United States District Court for the Eastern District of North Carolina held that the complaint stated a claim where the plaintiff alleged the dates, occupations, employers, and worksite locations for the decedent's employment. In addition, the plaintiff alleged a list of the products containing asbestos, which the decedent was exposed to during his employment. Id. at *2. Similarly, in Soucy v. Briggs & Straton Corp., Civil No. 1:13-cv-00068-NT, 2014 WL 794570 (D. Me. Feb. 27, 2014), the court found that plaintiff stated a claim where the complaint contained

factual allegations setting forth the decedent's employer, his position, and the products that resulted in his exposure to asbestos. At the Court in Soucy explained:

> The complaint also lets Toro know what sort of products are at issue (small motor machines including lawn mowers, tillers, snow blowers, golf carts, snowmobiles and ATVs); the basic timeframe in which the products were produced (pre1978 to 1989); where the products were located (Caribou, Maine); how Soucy was injured by the products (inhalation, ingestion, or absorption of asbestos fibers from friction materials, brakes or gaskets incorporated into the products); and when, where and how the exposure occurred (between 1978 and 1989 while Soucy worked on small engines as a mechanic at Bob's Tune Up in Caribou). Cf. Aguirre, 2012 WL 760627 (asbestos products liability complaint insufficient for failing to allege in what industries decedent worked, what types of activities he performed, or in what decades he worked). Both plausibility and notice are achieved by these allegations.

Id. at *4; see also Hicks v. The Boeing Co., Civil Action No. 13-393-SLR-SRF, 2014 WL 12874904 (D. Del. Mar. 21, 2014).

The Amended Complaint lacks even the most basic factual allegations regarding the decedents work history and the asbestos containing products at issue in this dispute. At a minimum, Plaintiff, like the Plaintiffs in Miller, Saucy, and Hicks, must allege the general nature of the decedent's alleged exposure to asbestos with enough factual detail to put Defendant on notice of the claims asserted against it. The threadbare factual allegations contained in the Amended Complaint are insufficient to state a claim against Defendant. Accordingly, the Court **RECOMMENDS** that the District Court **GRANT** the Motion to Dismiss

7

[# 65].[1]

## IV. Conclusion

The Court **RECOMMENDS** that the District Court **GRANT** the motion [# 65] and **DISMISS** the claims asserted against Defendant Mannington Mills, Inc.

Signed: April 23, 2017

Dennis L. Howell
United States Magistrate Judge

---

[1] To the extent that Plaintiff requests leave to amend the Amended Complaint if this Court finds its factual allegations insufficient to state a claim, such request is not properly before this Court. The Local Rules are clear that a party may not include a motion in a responsive brief. LCvR7.1(C)(2). Plaintiff had an opportunity to amend the Complaint and add additional factual allegations after seeing the previously filed Motion to Dismiss [# 50] but neglected to do so, risking an adverse ruling from this Court.

## **Time for Objections**

The parties are hereby advised that, pursuant to 28, United States Code, Section 636(b)(1)(C), and Rule 72, Federal Rules of Civil Procedure, written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the district court will preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985), reh'g denied, 474 U.S. 1111 (1986); United States v. Schronce, 727 F.2d 91 (4th Cir.), cert. denied, 467 U.S. 1208 (1984).